IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2011

## PATRICK THURMOND v. DAVID SEXTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5698     Lynn W. Brown, Judge**

_____

**No. E2010-02256-CCA-R3-HC - Filed December 5, 2011**

_____

The Petitioner, Patrick Thurmond, was convicted by a Davidson County jury of one count of aggravated burglary (count 1), two counts of aggravated rape (counts 2 and 3), one count of attempted aggravated rape (count 4), and one count of aggravated sexual battery (count 5). He subsequently filed a pro se petition for writ of habeas corpus in the Johnson County Criminal Court, which was summarily dismissed. On appeal, the Petitioner argues: (1) the habeas corpus court erred in dismissing his petition without an evidentiary hearing, and (2) his judgments for counts one, three, four, and five are void because they violate the double jeopardy clauses of the United States and Tennessee Constitutions. Upon review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Patrick Thurmond, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel, for the Appellee, State of Tennessee.

### OPINION

**Background.** Following his convictions, the Petitioner was sentenced to three years for the aggravated burglary conviction, twenty years for each aggravated rape conviction, ten years for the attempted aggravated rape conviction, and ten years for the aggravated sexual battery conviction. The trial court imposed consecutive sentencing for the two aggravated rape convictions and the attempted aggravated rape conviction, for an effective fifty-year sentence.

The Petitioner filed a direct appeal, and this court affirmed his convictions and sentences. State v. Patrick Thurmond, No. 01C01-9802-CR-00076, 1999 WL 787524, at *1 (Tenn. Crim. App., at Nashville, Oct. 5, 1999), perm. to appeal denied (Tenn. Apr. 10, 2000). The Petitioner also filed a petition for post-conviction relief claiming that he had received ineffective assistance of counsel, which was denied by the post-conviction court and affirmed by this court on appeal. Patrick Thurmond v. State, No. M2005-00214-CCA-R3-PC, 2006 WL 680924, at *1 (Tenn. Crim. App., at Nashville, Mar. 15, 2006), perm. to appeal denied (Tenn. Aug. 21, 2006).

This is the Petitioner's fourth petition for writ of habeas corpus. In his first petition, the Petitioner argued that his sentences for attempted aggravated rape and aggravated sexual battery were illegal because the offenses were not subject to the multiple rapist classification, that the judgments of conviction for the two counts of aggravated rape and one count of attempted aggravated rape were void because his classification as a multiple rapist was an enhanced punishment that was not charged in the indictment, and that the habeas corpus court violated Tennessee Code Annotated section 29-21-108(b) in failing to grant a writ. Patrick Thurmond v. Howard Carlton, Warden, 202 S.W.3d 131, 132 (Tenn. Crim. App. 2006) ("Petition I"). On appeal, this court concluded that the sentences for attempted aggravated rape and aggravated sexual battery were illegal and affirmed the habeas corpus court's judgment in part, reversed the judgment in part, and remanded the case. Id. Specifically, this court remanded the case to the habeas corpus court to vacate the petitioner's attempted aggravated rape and aggravated sexual battery sentences and then to transfer the matter to the convicting court for the determination of the petitioner's appropriate offender classification for these convictions and for the entry of corrected judgments. Id. at 134-35. On September 20, 2006, following the remand, the convicting court amended its judgments to remove the multiple rapist designations from the judgments for the attempted aggravated rape and aggravated sexual battery convictions. Patrick Thurmond v. Howard Carlton, Warden, No. 3:06-1179, 2010 WL 441552, at *2 (M.D. Tenn. Feb. 4, 2010). Consequently, the Petitioner's effective fifty-year sentence at one hundred percent was amended to a fifty-year sentence with forty years to be served at one hundred percent and ten years to be served at thirty percent.

The Petitioner then filed his second and third petitions for writ of habeas corpus. See Patrick Thurmond v. Howard Carlton, Warden, No. E2007-00112-CCA-R3-HC, 2007 WL 4335479, at *1 (Tenn. Crim. App., at Knoxville, Dec. 12, 2007) ("Petition II") (the petitioner's claim that the State failed to elect offenses at trial was not a cognizable claim for habeas corpus relief); Patrick Thurmond v. Howard Carlton, Warden, No. E2007-02339-CCA-R3-HC, 2008 WL 2001809, at *1 (Tenn. Crim. App., at Knoxville, May 9, 2008) ("Petition III") (the petitioner's claims that the trial court erred in applying enhancement

factors that were unsupported by the record and erred in imposing consecutive sentencing without making appropriate findings of fact were waived, and, waiver notwithstanding, the petitioner failed to state a cognizable claim for relief). On appeal, this court affirmed the habeas corpus court's summary dismissal of the Petitioner's second and third petitions for writ of habeas corpus. Petition II, 2007 WL 4335479, at *1, Petition III, 2008 WL 2001809, at *1.

On July 13, 2010, the Petitioner filed his fourth petition for writ of habeas corpus in the Johnson County Criminal Court (I, 1-11). On October 1, 2010, the habeas corpus court summarily dismissed his petition (I, 94). The Petitioner then filed a timely notice of appeal (I, 95).

## ANALYSIS

On appeal, the Petitioner argues that the habeas corpus court erred in failing to grant him an evidentiary hearing on his petition for writ of habeas corpus. He also contends that his convictions for counts one, three, four, and five are void because they occurred during the same criminal episode, thereby violating the double jeopardy clauses of the United States and Tennessee Constitutions. In response, the State initially asserts that the habeas corpus court did not err in dismissing the petition without a hearing since the Petitioner failed to meet the procedural requirements for habeas corpus relief as stated in Tennessee Code Annotated section 29-21-107(2) and (4). Moreover, the State contends that the summary dismissal was appropriate because the Petitioner failed to state a cognizable claim for relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is de novo. Hart, 21 S.W.3d at 903.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. §§ 29-21-101 to -130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

"A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in Hickman:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b). A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. Id.

As a initial matter, the Petitioner failed to attach a copy of all judgments as required by Tennessee Code Annotated section 29-21-107(b)(2). Although the Petitioner attached copies of the judgments that were entered following his trial in 1995, he failed to attach copies of the amended judgments for his convictions for attempted aggravated rape and aggravated sexual battery. Since the Petitioner challenged all of his convictions, he was required to include all relevant judgments in his petition for writ of habeas corpus. Accordingly, the habeas corpus court properly dismissed his petition. See T.C.A. § 29-21-107(b); Summers, 212 S.W.3d at 259.

The Petitioner also failed to include a copy of his three prior petitions for writ of habeas corpus and the accompanying proceedings thereon as required by Tennessee Code Annotated section 29-21-107(b)(4). Instead, the Petitioner attached two pages from the State's response to his petition for writ of habeas corpus that he filed in the United States District Court for the Middle District of Tennessee. See Patrick Thurmond, 2010 WL 441552. Since the Petitioner failed to provide copies of his three prior applications, failed to provide copies of the accompanying orders dismissing them, and failed to provide satisfactory reasons explaining his failure to do so, the habeas corpus court properly dismissed his petition. See T.C.A. § 29-21-107(b); Summers, 212 S.W.3d at 259.

Notwithstanding the Petitioner's failure to follow the procedural requirements, we conclude that the habeas corpus court properly dismissed the petition in this case because it failed to state a cognizable claim for relief. The Petitioner argues that his convictions in counts one, three, four, and five violated the double jeopardy clauses of the United States and Tennessee Constitutions because they arose out of the same criminal episode as the aggravated rape conviction in count two. It is well-established that double jeopardy claims are not cognizable claims for habeas corpus relief. Bobby James Mosley v. Wayne Brandon, Warden, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at * 5 (Tenn. Crim. App., at Nashville, June 20, 2007), perm. to appeal denied (Tenn. Sept. 17, 2007); Ralph Phillip Claypole, Jr. v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App., at Nashville, May 16, 2001); William A. Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), perm. to appeal denied (Tenn. Feb. 5, 1996). Therefore, the Petitioner is not entitled to relief on his claim that his judgments are void.

We conclude that the habeas corpus court did not err in dismissing the petition without an evidentiary hearing and that the Petitioner failed to state a cognizable claim for relief. Accordingly, the habeas corpus court did not err in summarily dismissing the petition.

## CONCLUSION

We affirm the summary dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. McMULLEN, JUDGE

-6-