IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2012

## PATRICK THURMOND v. HENRY STEWART, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 11-CR-9719    R. Lee Moore, Jr., Judge**

---

**No. W2012-01294-CCA-R3-HC  - Filed October 18, 2012**

---

The petitioner, Patrick Thurmond, appeals the denial of his sixth petition for writ of habeas corpus, claiming that his conviction of aggravated rape is void.  Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Patrick Thurmond, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Davidson County Criminal Court jury convicted the petitioner of aggravated burglary, two counts of aggravated rape, attempted aggravated rape, and aggravated sexual battery for offenses committed during an attack on a Nashville Drury Inn housekeeper.  *See State v. Patrick Thurmond*, No. 01C01-9802-CR-00076, slip op. at 2 (Tenn. Crim. App., Nashville, Oct. 5, 1999), *perm. app. denied* (Tenn. Apr. 10, 2000) (*Thurmond I*).  The trial court imposed a total effective sentence of 50 years' incarceration, and this court affirmed both the convictions and sentence on direct appeal.  *See id.*  The petitioner filed a timely but unsuccessful petition for post-conviction relief, the denial of which this court affirmed.  *See Patrick Thurmond v. State*, No. M2005-00214-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, Mar. 15, 2006), *perm. app. denied* (Tenn. Aug. 21, 2006) (*Thurmond II*).

The petitioner then filed his first petition for writ of habeas corpus, which was summarily dismissed by the trial court but upon which this court granted the petitioner partial habeas corpus relief in the form of the removal of the multiple rapist classification from the petitioner's convictions of attempted aggravated rape and aggravated sexual battery. *See Thurmond v. Carlton*, 202 S.W.3d 131, 135 (Tenn. Crim. App. 2006) (*Thurmond III*). A second petition for writ of habeas corpus, alleging that the petitioner's convictions were void based upon the State's failure to elect offenses, was also summarily dismissed by the habeas corpus court. This court affirmed the dismissal of that petition. *See Patrick Thurmond v. Howard Carlton, Warden*, No. E2007-00112-CCA-R3-HC (Tenn. Crim. App., Knoxville, Dec. 12, 2007) (*Thurmond IV*). The habeas corpus court summarily dismissed the petitioner's third petition for writ of habeas corpus, which challenged the imposition of his sentences under the ruling in *Cunningham v. California*, 549 U.S. 270 (2007), and this court affirmed the dismissal. *See Patrick Thurmond v. Howard Carlton, Warden*, No. E2007-02339-CCA-R3-HC (Tenn. Crim. App., Knoxville, May 9, 2008) (*Thurmond V*).

The United States District Court for the Middle District of Tennessee denied the petitioner's bid at the federal writ of habeas corpus in 2010, *see Patrick Thurmond v. Howard Carlton, Warden*, No. 3:06-1179, 2010 U.S. Dist. LEXIS 9821 (M.D. Tenn. Feb. 4, 2010), and the United States Court of Appeals for the Sixth Circuit affirmed the denial, *see Patrick Thurmond v. Howard Carlton, Warden*, No. 10-5257, 2012 U.S. App. LEXIS 14463 (6th Cir. July 13, 2012) (*Thurmond VI*).

During the pendency of his federal habeas corpus action, the petitioner filed a fourth petition for the state writ of habeas corpus, this time alleging "that his convictions for counts one, three, four, and five are void because they occurred during the same criminal episode, thereby violating the double jeopardy clauses of the United States and Tennessee Constitutions." *See Patrick Thurmond v. David Sexton, Warden*, No. E2010-02256-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 5, 2011), *perm. app. denied* (Tenn. Mar. 9, 2012) (*Thurmond VII*). This court affirmed the summary dismissal of the petition on grounds that the petitioner had failed to comply with the procedural requirements for filing a petition for writ of habeas corpus and had failed to state a cognizable claim for habeas corpus relief. *See id.*, slip op. at 5-6.

In this, the petitioner's sixth attempt at some form of habeas corpus relief, he challenges only his conviction of aggravated rape in count three, claiming that the judgment is void because the indictment did not protect him against double jeopardy and because the conviction in that count violates constitutional protections against double jeopardy. The habeas corpus court denied relief, finding that the petitioner had failed to state a cognizable claim for habeas corpus relief.

In this appeal, the petitioner again contends that his conviction of aggravated rape in count three is void because it subjects him to multiple punishments for the same offense. He claims that because the offense alleged in count three is the same as that raised in count two and because the two offenses arose from the same criminal episode, dual convictions violate his constitutional rights.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The claim raised by the petitioner in his most recent petition is not any different in substance from the claim raised by the petitioner in his last petition for the state writ of habeas corpus, wherein the petitioner alleged "that his convictions in counts one, three, four, and five violated the double jeopardy clauses of the United States and Tennessee Constitutions because they arose out of the same criminal episode as the aggravated rape conviction in count two." *Thurmond VII*, slip op. at 6. The petitioner's claim did not state a cognizable claim for habeas corpus relief then, and it does not do so now, despite being limited to the single count in the indictment and despite including a reference to the drafting of the indictment. Denial of habeas corpus relief was appropriate on these grounds alone.

The petitioner's failure to comply with the procedural requirements for habeas

corpus relief also justified denial of habeas corpus relief. *See* T.C.A. § 29-21-107.

Moreover, the petitioner's claim is utterly without merit. The indictment in this case includes an offense date, the name of the victim, and tracks the operative language of the statute. Nothing more is required. The proof at trial established that the petitioner raped the victim by performing cunnilingus on her and by penetrating her vagina with his penis and that both acts of penetration were accomplished by the use of a deadly weapon. *See Thurmond I*, slip op. at 3. Thus, dual convictions did not violate double jeopardy protections.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE