IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2008

## JEFFREY A. SIMMONS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0249     Joseph Walker, Judge**

_____

**No. W2007-01925-CCA-R3-HC  -  Filed May 20, 2008**

_____

The petitioner, Jeffrey A. Simmons, was denied the writ of habeas corpus by the Hardeman County Circuit Court based upon his claims that (1) the indictments were void because they listed "Jane Doe" as the victim, (2) the indictments were void because they failed to allege a mens rea, and (3) the trial court was without jurisdiction to sentence him because it did not comply with Tennessee Code Annotated section 40-35-209(a) by not sentencing him within forty-five days of conviction. Upon review, we hold that the trial court properly dismissed the petition and affirm its order dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jeffrey A. Simmons, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the petition, the petitioner is incarcerated in the Department of Correction for four convictions of aggravated sexual battery, for which he is serving an effective thirty-two year sentence. The petitioner alleged that he was entitled to habeas corpus relief because his convictions were premised upon void indictments which used the pseudonym "Jane Doe" for the victim's name and did not allege a culpable mental state and that the trial court lacked jurisdiction to sentence him because it did not conduct the sentencing hearing within forty-five days from the findings of guilt. The trial court summarily dismissed the petition for failure to state a cognizable claim for habeas corpus relief.

The defendant claims on appeal that the trial court erred in summarily dismissing his petition. The state argues that the trial court's action was proper because the defendant failed to attach copies

of the judgments to his petition, and that in any event, the defendant has waived the appellate court's consideration of the issues on the merits by failing to provide the court with copies of the indictments and the sentencing hearing transcript. We note, with respect to the state's contentions, that a petitioner is required to attach copies of any documents by which he alleges he is being illegally restrained or to give a satisfactory reason for the absence of such documents. T.C.A. § 29-21-107(b)(2). The pro se, incarcerated petitioner did not attach such exhibits to his petition and offered no explanation for their absence. However, the petitioner appears to have believed that he would have the opportunity after filing the petition to have those documents subpoenaed for the trial court's consideration. He attempted to have the indictments, judgments, amended judgments, and transcript included in the record on appeal by requesting that the trial court clerk obtain them from the clerk of the convicting court and include them in the record on appeal. The petitioner also states in his brief to this court that he did not have the necessary records, believed he had no means of obtaining them, and requested to no avail that they be included in the record on appeal. Given these circumstances, we decline the state's urging to treat the defendant's issues as waived.

We note, however, that the defendant has simultaneously pursued a direct appeal of his convictions and habeas corpus relief. As we have observed in the past,

> [A]ny relief to which a petitioner is entitled through exercise of the writ of habeas corpus is likewise attainable through the appellate process. See State ex rel. Danny Owens v. A.C. Gilless, No. 02C01-9108-CR-00174, Shelby County, slip op. at 7-8 (Tenn. Crim. App. Oct. 21, 1992). A habeas corpus or post-conviction petition may not be maintained while a direct appeal attacking the original conviction and sentence is pending in the appellate court. Hankins v. State, 512 S.W.2d 591, 592 (Tenn. Crim. App. 1974).

Thurmond v. Carlton, 202 S.W.3d 131, 133 (Tenn. Crim. App. 2006), app. denied (Tenn. 2006). The petitioner in the present case acknowledges that he has a direct appeal pending, and the trial court noted this fact in its order. The records of this court reflect, as well, that the petitioner has a direct appeal of his convictions pending. For this reason, the habeas corpus petition was properly dismissed without a hearing.

Further, the petitioner failed to state a cognizable claim for relief. His complaint that the indictments are void because they allege an unidentified "Jane Doe" victim, even if taken as true, would not entitle him to relief. The identity of the victim is not an essential element of the offense. See State v. Clark, 2 S.W.3d 233 (Tenn. Crim. App. 1998) (attempted aggravated robbery indictment not void because it failed to identify a victim). The defendant has not alleged that the absence of a named victim had the effect of changing the charged offense, only that he was not provided with the identity of the victim. This is not a cognizable habeas corpus claim, and the trial court did not err in dismissing the petition on this basis.

The defendant also argues that the indictments are void because they fail to state a culpable mental state. The defendant acknowledges the Tennessee Supreme Court has held that the mens rea

may be inferred from other allegations in an indictment. <u>Ruff v. State</u>, 978 S.W.2d 95 (Tenn. 1998). He does not argue that the language of his indictments failed to provide information from which a culpable mental state could be inferred, and instead he argues that <u>Ruff</u> and other cases with similar holdings "are incorrect and unconstitutional." Neither was the lower court which dismissed the petition nor is this intermediate appellate court in a position to overrule the holdings of our state's highest court. We hold that the petition was properly dismissed with respect to this issue.

The petitioner's remaining allegation is that the trial court was without jurisdiction to sentence him because the sentencing hearing did not take place within forty-five days of his conviction, as required by Tennessee Code Annotated section 40-35-209(a). The petitioner has not explained how this statute is jurisdictional in nature. Statutory provisions related to the time for completing an act are directory, rather than mandatory. <u>State v. Jones</u>, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986) (rejecting claim that defendant was prejudiced when trial court failed to sentence him within thirty days as required by former version of T.C.A. § 40-35-209(a)). This claim is not a cognizable basis for habeas corpus relief, and the trial court did not err in dismissing the petition with respect to this issue.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE