IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2013

**JOHNNY L. MCGOWAN, JR. v. JERRY LESTER, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6662     Joe H. Walker, III, Judge**

**No. W2013-01058-CCA-R3-HC  - Filed December 5, 2013**

The Petitioner, Johnny L. McGowan, Jr., appeals the habeas corpus court's summary dismissal of his petition for habeas corpus relief. He contends that the habeas corpus court committed a "misdemeanor in office" by denying his petition for relief, that he was illegally sentenced as a repeat violent offender, and that he did not have the requisite prior convictions to be sentenced to serve eight years in the Department of Correction (DOC). After a review of the record and the applicable authorities, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Johnny L. McGowan, Jr., pro se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and D. Michael Dunavant, District Attorney General; for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

The record reflects that, on December 31, 2002, the Petitioner, Johnny L. McGowan, Jr., escaped from his cell at Riverbend Maximum Security Institution, broke a leg off of a table located in his cell pod, and used the table leg to assault a prison guard, seriously

injuring the guard's arm. The Petitioner was subsequently indicted by the Davidson County Grand Jury for attempted second degree murder, see Tenn. Code Ann. § 39-12-101, -210 (1997), and two counts of aggravated assault by use of a deadly weapon, see id. § 39-13-102. On September 23, 2005, the Petitioner pleaded guilty to one count of aggravated assault and accepted a sentence of eight years as a Range III, persistent offender, to be served consecutively to the sentence he was then serving in the DOC.[1] State v. Johnny L. McGowan, Jr., No. M2007-02681-CCA-R3-CO, 2008 WL 4170273, at *1 (Tenn. Crim. App. Aug. 5, 2008).

The instant case involves the Petitioner's second petition for writ of habeas corpus regarding the aggravated assault conviction. However, the Petitioner is very litigious and has filed multiple appeals since his initial convictions.[2]

---

[1] The Petitioner was incarcerated as a result of guilty pleas he entered on January 24, 1994, to the following offenses: aggravated arson, arson, six counts of reckless endangerment with a deadly weapon, and two counts of vandalism. The Petitioner received a sentence of twenty years for aggravated arson, five years for arson, and one year on each of the eight remaining counts. All sentences were ordered to run concurrently with the twenty-year sentence for aggravated arson. The judgment also reflects that the twenty-year sentence was ordered to run concurrently with a prior, apparently unrelated, case in Rutherford County. Johnny L. McGowan, Jr. v. State, No. M2003-00268-CCA-R3-CO, 2004 WL 741669, at *1 (Tenn. Crim. App. April 07, 2004).

[2] See Johnny L. McGowan, Jr. v. State, No. M2009-01124-CCA-R3-HC, 2009 WL 4113708 (Tenn. Crim. App. Nov. 26, 2009); Johnny L. McGowan, Jr. v. Howard Carlton, No. E2008-01993-CCA-R3-HC, 2009 WL 3364384 (Tenn. Crim. App. Oct. 20, 2009); Johnny L. McGowan, Jr. v. Howard Carlton, No. E2007-00636-CCA-R3-HC, 2009 WL 3364386 (Tenn. Crim. App. Oct. 20, 2009); Johnny L. McGowan, Jr. v. State, No. M2008-01813-CCA-R3-PC, 2008 WL 4756455 (Tenn. Crim. App. Oct. 28, 2008); Johnny L. McGowan, Jr., 2008 WL 4170273; Johnny L. McGowan, Jr. v. State, No. M2008-00530-CCA-R3-PC, 2008 WL 2743642 (Tenn. Crim. App. July 11, 2008); Johnny L. McGowan, Jr. v. State, No. M2008-00244-CCA-R3-PC, 2008 WL 2229123 (Tenn. Crim. App. May 30, 2008); Johnny L. McGowan,
(continued...)

The instant petition, in relevant part, alleged as follows:

[The] Petitioner's sentence and conviction pursuant to a plea bargain agreement is illegal and void because [P]etitioner did not have the necessary "prior felony convictions" to be sentenced as a "Persistent Offender at (8) years at (45%) forty-five percent. . . . [The] Petitioner was already in prison serving sentences, when he obtained the charge in question and has never been released. Thus, as a matter of sentencing [u]nder the Criminal Sentencing Reform Act of 1989[, t]he trial court had a mandatory duty to sentence [P]etitioner according to and with the sections of T.C.A. § 40-35-120 (E)(1)(B), which means the [P]etitioner would have been sentenced to a sentence of either [three to six years at thirty percent] if classified as a Class C felony [or two to four years at thirty percent] if classified as a Class D felony for the convicting offense of Aggravated Assault within the plea bargain agreement.

---

[2](...continued)
Jr. v. State, No. M2007-02575-CCA-R3-CO, 2008 WL 1744579 (Tenn. Crim. App. Apr. 16, 2008); Johnny L. McGowan, Jr. v. State, No. M2007-01660-CCA-R3-CO, 2007 WL 3227067 (Tenn. Crim. App. Oct. 31, 2007); Johnny L. McGowan, Jr. v. State, No. M2004-03059-CCA-R3-CO, 2005 WL 941008 (Tenn. Crim. App. Apr. 22, 2005); Johnny L. McGowan, Jr. v. State, No. M2003-01759-CCA-R3-HC, 2004 WL 1402554 (Tenn. Crim. App. June 07, 2004 ); Johnny L. McGowan, Jr. v. State, No. M2003-00268-CCA-R3-CO, 2004 WL 741669 (Tenn. Crim. App. Apr. 07, 2004).

The trial court lacked jurisdiction and authority to sentence the [P]etitioner against provisions of the Sentencing Reform Act of 1989. Petitioner's sentence and conviction is void and illegal as a established matter of law. . . .

In denying the Petitioner habeas corpus relief, the habeas corpus court found as follows:

Petitioner's sentence is not an illegal sentence under the applicable sentencing act. It was a plea bargain sentence within the overall punishment range for the conviction offense. The [P]etitioner has not shown the sentence was illegal. A conviction can be used for enhancement even though the sentence is being served.

. . . .

The Court finds that the Petitioner's sentence has not expired, the sentence was lawful, and that the Court had jurisdiction.

No grounds are alleged in the petition which would otherwise entitle

4

[P]etitioner to a hearing.

A petition may be summarily dismissed without a hearing if the petition demonstrates no right to relief. . . .

The Petitioner appeals the summary dismissal of his petition.

ANALYSIS

The Petitioner contends that the habeas corpus court committed a "misdemeanor in office" by denying his petition for relief, that he was illegally sentenced as a repeat violent offender, and that he did not have the requisite prior convictions to be sentenced to serve eight years in the DOC. The State responds that habeas corpus court committed no errors in denying the Petitioner habeas corpus relief.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief.

5

Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).

On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

6

*A. Misdemeanor in Office*

First, the Petitioner alleges that the habeas corpus court committed a "misdemeanor in office" by refusing to grant his petition for habeas corpus relief. He cites, Tennessee Code Annotated section 29-21-108 in support of his position. That statute states,

(a) It is the duty of the court or judge to act upon such applications instanter.

(b) A wrongful and willful refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.

Tenn. Code Ann. § 29-21-108. However, the Petitioner concedes that in Thurmond v. Carlton, 202 S.W.3d 131 (Tenn. Crim. App. 2006), this court opined that subsection (b) did not "relate[] to judges who conclude in their judicial capacity that the facts or law do not warrant relief but who are determined on appeal to be in error." 202 S.W.3d at 136. Therefore, given that concession and this court's continued belief that Tennessee Code Annotated section 29-21-108(b) does not apply to judges who lawfully determine that a habeas corpus petition does not warrant relief, absent any proof that the trial judge acted unlawfully in the discharge of his duties, this issue is without merit.

*B. Illegal Sentence*

Next, the Petitioner contends that he was improperly sentenced as a repeat violent offender and that, pursuant to Tennessee Code Annotated section 40-35-120(e)(1), the use of the convictions for which he was incarcerated when he committed the aggravated assault was improper because he had not served that sentence and been released; thus, the Petitioner has no prior convictions and must be sentenced within the two to six-year range. The State responds that the statute referenced by the Petitioner governs repeat violent offenders, and given that the Petitioner was not convicted as a repeat violent offender, this statute does not apply; as such, the habeas corpus court properly concluded that the Petitioner was not entitled to relief. We agree that the Petitioner's argument is unsound.

The record reflects that the Petitioner was sentenced, pursuant to a guilty plea, as a persistent offender to serve eight years in the DOC. Tennessee Code Annotated section 40-35-107 states, in pertinent part,

(b) In determining the number of prior convictions a defendant has received:

(1) Prior conviction means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced;

(2) All prior felony convictions, including those occurring prior to November 1, 1989, are included;

. . . .

(5) Prior convictions includes convictions under the laws of any other state, government or country that, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

Tenn. Code Ann. § 40-35-107 (b)(1), (2), and (5). We first note that, as this statute illustrates, there is no requirement that a petitioner classified as a persistent offender must have served his sentence for a conviction and have been released before that conviction can be characterized as a "prior conviction" in determining a petitioner's offender classification. Cf. Tenn. Code Ann. § 40-35-120 (e) (repeat violent offenders – "Three strikes" statute explaining how to determine prior convictions). The State correctly notes that the Petitioner was not convicted as a repeat violent offender, and as such, that statute does not apply.[3]

_____

[3]Nevertheless, we also point out that there is no evidence in the record detailing what prior convictions the
(continued...)

The crux of the Petitioner's argument here is that his sentence is illegal because his prior convictions do not place him in the offender classification range which provides for an eight-year sentence for the crime of which he was convicted. However, we emphasize that the Petitioner's eight-year sentence was ordered pursuant to a plea agreement, including an agreed sentence. As the trial court explained at the Petitioner's sentencing hearing,

> . . . you understand, No. 1, that you were pleading guilty to Aggravated Assault and giving up your right to have a jury trial on that in exchange for the settlement agreement that you heard, which is eight years at forty-five percent on the Aggravated Assault that would run consecutive to the sentence you're now serving.

The Petitioner responded that he understood the foregoing and that he was voluntarily deciding to give up his right to a jury trial in exchange for the plea agreement, which required him to plead to aggravated assault, a lesser included offense of second degree murder, the offense for which he was originally indicted. Even if the Petitioner's prior convictions would not have placed him in the persistent offender range, it is well-settled that a defendant may enter into a plea agreement which classifies him under a sentencing range for which he

[3](...continued)
Petitioner actually has, so we cannot determine to what classification the Petitioner would belong under ordinary circumstances. However, as discussed below, that determination is not necessary to resolve the issue before us.

would not normally qualify.

A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense. We reiterate that offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations.

Hoover v. State, 215 S.W.3d 776, 780-81 (Tenn. 2007). The record reflects that Petitioner's eight-year sentence did not exceed the maximum punishment permitted for a Class C, aggravated assault conviction, which carries a range of three to fifteen years. See Tenn. Code Ann. §§ 39-13-102, 40-35-111(b)(3). As such, when the Petitioner pleaded guilty, he waived any irregularity concerning his offender classification or release eligibility. See id. Therefore, we conclude that the Petitioner's sentence was not illegal and that there is nothing on the face of the record to otherwise indicate that the judgment was void. The habeas corpus court properly denied relief.

## CONCLUSION

Based upon the foregoing, the judgment of the habeas corpus court is affirmed.

_____

11

D. KELLY THOMAS, JR., JUDGE