# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 9, 2015

## MARLON YARBRO v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Hardin County
### No. 9894      C. Creed McGinley, Judge

---

### No. W2015-01195-CCA-R3-HC  -  Filed February 26, 2016

---

The petitioner, Marlon Yarbro, was convicted of selling .5 grams or more of a Schedule II controlled substance within 1000 feet of a school zone, a Class A felony; simple possession of a controlled substance, a Class A misdemeanor; and possession of drug paraphernalia, a Class A misdemeanor. He was sentenced to twenty-five years at 100% for the Class A felony; two years for the simple possession conviction, and eleven months and twenty-nine days for the drug paraphernalia conviction, with all sentences to be served concurrently. On direct appeal, this court affirmed the convictions and remanded for correction of the judgment for simple possession to reflect the conviction as a Class A misdemeanor and a sentence of eleven months, twenty-nine days. Following his convictions, but while his direct appeal was pending, he filed a pro se petition for writ of habeas corpus, arguing, as best we can understand, that he was being illegally detained because his Class A felony conviction should be served at 35%, rather than 100%; the indictment was defective in stating the offenses with which he was charged; the indictment was defective because it failed "to state the facts of the crime scene;" the judgment violates the plain language requirement of Tennessee Supreme Court Rule 17; and the judgment is "absent of Counsel," resulting in the trial court's losing jurisdiction and voiding the judgment. The trial court dismissed the motion, determining that the petitioner could not simultaneously maintain a direct appeal and a petition for writ of habeas corpus. We agree and affirm the dismissal of the petition, according to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Marlon Yarbro, Savannah, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The State describes as "bare-bones," the petition for writ of habeas corpus; and we add that the description is charitable. In our review, we first will set out the chronology of the matter. Basically, as explained in the opinion affirming the petitioner's convictions, State v. Marlon Yarbro, No. W2015-00475-CCA-R3-CD, 2015 WL 5813383, at *1 (Tenn. Crim. App. Oct. 5, 2015), he was convicted for selling crack cocaine to a confidential informant of the Hardin County Sheriff's Department, and items found at the time of his arrest were then the basis for the two misdemeanor convictions.

The scant record on appeal of this matter does not reveal the date of the petitioner's convictions. However, based upon the wording of his petition for habeas corpus, which bears the date stamp of May 11, 2015, the petition was filed after the judgments had been entered. The court then dismissed the petition on May 22, 2015, concluding that the petitioner could not pursue habeas corpus relief while his direct appeal of the convictions was pending. On October 5, 2015, this court affirmed the convictions and sentences, and his application for permission to appeal, which is still pending, was filed on November 30, 2015. The issues which the petitioner raised on direct appeal were his claims that the trial court erred in admitting evidence of his prior misconduct; that his right to compulsory process was violated; and that the drug-free school zone enhancement should not have been applied to the simple possession conviction. Only the latter claim, as we understand the petition for writ of habeas corpus, was raised in the direct appeal.

The petitioner's application for permission to appeal his convictions is pending before the Tennessee Supreme Court. Thus, he cannot also maintain a petition for writ of habeas corpus. Thurmond v. Carlton, 202 S.W.3d 131, 133 (Tenn. Crim. App. 2006). ("A habeas corpus or post-conviction petition may not be maintained while a direct appeal attacking the original conviction and sentence is pending in the appellate court.") That is precisely the situation presented by this matter. Accordingly, the order dismissing the petition is affirmed.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not

preponderate against the finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


                                         _____

                                         ALAN E. GLENN, JUDGE