IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2021

## CARL PRINCE v. WARDEN, TROUSDALE TURNER CORRECTIONAL CENTER

**Appeal from the Criminal Court for Johnson County
No. CC-20-CR154  Lisa Rice, Judge**

_____

### No. E2021-00180-CCA-R3-HC

_____

The Petitioner, Carl Prince, appeals the summary dismissal of his petition for writ of habeas corpus.  After review, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Carl Prince, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; and Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner proceeded to a jury trial on two aggravated assault charges pro se with appointed "elbow" counsel and was convicted as charged in 2019.  The convictions were merged, and the trial court sentenced the Petitioner to ten years as a persistent offender to be served in confinement.  On September 21, 2020, the Petitioner filed a notice of appeal to challenge his conviction on direct appeal, and that appeal is currently pending before this court.  *State v. Carl Dwayne Prince*, No. M2020-01302-CCA-R3-CD (appeal pending).

On November 20, 2020, the Petitioner filed a petition for writ of habeas corpus in which he alleged that the judgments were void because they did not reflect that he affirmatively waived his right to counsel at trial and that the trial court failed to properly find that he waived his right to counsel before allowing him to proceed pro se at trial. The Petitioner attached to his petition a copy of the judgment in the first count that was neither signed by the trial court nor filed by the trial court clerk. The State filed a motion to dismiss on the grounds that the Petitioner failed to attach a proper copy of his judgment of conviction and failed to state a cognizable claim for habeas corpus relief. The Petitioner responded to the State's motion and subsequently moved to attach a proper copy of his judgment form to the habeas petition. He attached to his motion the judgment in the first count of aggravated assault that was signed and entered on July 12, 2019. On January 22, 2021, the habeas corpus court entered an order finding that the Petitioner failed to comply with habeas corpus procedure requiring him to attach a proper copy of the judgment form underlying his conviction and that the Petitioner failed to state a cognizable claim for relief. The court granted the State's motion to dismiss and summarily dismissed the Petitioner's habeas petition, and the Petitioner appeals.

We conclude that the Petitioner is not entitled to relief because he filed his habeas petition while his direct appeal was pending, and we note that the Petitioner has raised the validity of the trial court's finding that the Petitioner made a valid waiver of his right to counsel and was able to adequately represent himself at trial. "A habeas corpus petition may not be maintained while a direct appeal is pending." *Thurmond v. Carlton*, 202 S.W.3d 131, 133 (Tenn. Crim. App. 2006) (citing *Hankins v. State*, 512 S.W.2d 591, 592 (Tenn. Crim. App. 1974)); *see Mardoche Oliver v. State*, No. M2017-01056-CCA-R3-HC, 2018 WL 625120, at *1 (Tenn. Crim. App. Jan. 30, 2018). Therefore, we affirm the habeas corpus court's judgment dismissing the Petitioner's petition summarily.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the habeas corpus court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

2