IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2024

**STATE OF TENNESSEE v. ANTHONY TUCKER**

**Appeal from the Circuit Court for Rutherford County**
**No. F-73176  Barry R. Tidwell, Judge**

_____

**No. M2024-00104-CCA-R3-CD**

_____

Petitioner, Anthony Tucker, appeals the denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Anthony Tucker, Nashville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In a true bill, Petitioner was charged by the Rutherford County Grand Jury with two counts of aggravated rape, a Class A felony (counts one and two), four counts of rape, a Class B felony (counts three to six), and two counts of sexual battery by an authority figure, a Class C felony (counts seven and eight).  On March 23, 2018, pursuant to a negotiated plea agreement, Petitioner pled guilty to the four counts of rape (counts three, four, five, and six) and the two counts of sexual battery by an authority figure (counts seven and eight).  The two Class A felony counts of aggravated rape were dismissed under the agreement. Pursuant to the plea agreement, Petitioner was sentenced as a Range I offender to concurrent sentences of six years at 30% for the two sexual battery by an authority figure convictions and eleven years at 100% by operation of law on each rape conviction (counts three to six), all running concurrently for a total effective sentence of eleven years.  Count

three was subject to 100% service under Tennessee Code Annotated section 40-35-501(i)(1), (2)(G). Counts four, five, and six were subject to 100% service under the "multiple rapist" sentencing classification. T.C.A. § 39-13-523(a)(4), (b). The judgments in the record reflect that Petitioner was sentenced to community supervision for life following the expiration of his sentence; the judgments do not mention the sex offender registration requirement.

Petitioner filed a post-conviction petition on March 13, 2020, claiming that his plea was the product of prosecutorial misconduct, ineffective assistance of counsel, and trial court error. Petitioner alleged that the State colluded with trial counsel to increase or worsen Petitioner's sentence and that trial counsel failed to advise Petitioner that he was subject to the lifetime community supervision requirement and sentencing under the multiple rapist sentencing statute, and that but for these omissions, Petitioner would not have pled guilty. Petitioner also alleged that the trial court failed in its duty to inform him about the lifetime community supervision requirement. The post-conviction hearing was held on April 8, 2022, in which Petitioner and trial counsel testified.

In denying relief, the post-conviction court accredited the testimony of trial counsel and found no evidence demonstrating collusion between the State and trial counsel. The post-conviction court also accredited trial counsel's testimony regarding the lifetime community supervision requirement and found no deficiency or prejudice in trial counsel's performance in advising Petitioner about the terms of the plea agreement. Although there was no mention by the trial court of the lifetime community supervision requirement at the plea hearing, the post-conviction court held that Petitioner failed to prove that he would not have taken the plea but for the failure to inform and that the trial court's failure to inform was harmless beyond a reasonable doubt.[1] The post-conviction court specifically found as follows:

> First, [trial counsel] stated that he met with and discussed every plea offer presented to [Petitioner] by the State with Petitioner. This includes a plea offer that was offered into evidence as Exhibit 16 which has the lifetime community supervision condition marked and was dated September 22, 2017. Second, jail calls by Petitioner, which were offered as evidence as Exhibit 18, show that Petitioner decided that he was going to take the plea deal as offered so that he could later appeal it because of the "mistakes" made by counsel and the State. Third, [trial counsel] stated that he believed

---

[1] The plea was accepted by a different court from the post-conviction court.

Petitioner to have a good understanding of the law and the options that he had available to him throughout his representation of Petitioner.[2]

The order denying the post-conviction petition was entered on May 9, 2022. Petitioner appealed the judgment but later moved to voluntarily dismiss the appeal which this court granted on October 10, 2023. *See Anthony Tucker v. State*, No. M2022-00731-CCA-R3-PC (Tenn. Crim. App. Oct. 12, 2023) (Order).

During the pendency of his post-conviction proceedings, Petitioner filed three of his five pro se motions to correct an illegal sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure ("Rule 36.1 motion"). With very little variation, the Rule 36.1 motions claimed an alleged breach of the negotiated plea agreement due to the "alteration" of the judgments to include the lifetime community supervision requirement, the sex offender registration requirement, and sentencing under the multiple rapist classification for counts four, five, and six. The trial court did not rule on the first Rule 36.1 motion which was filed December 13, 2021.

Petitioner's second Rule 36.1 motion was filed April 20, 2022, shortly after the post-conviction hearing and before entry of the post-conviction court's order denying relief. The trial court entered an order denying Rule 36.1 relief on June 27, 2022, holding that the issues in the Rule 36.1 motion had been previously raised and were addressed in the order denying post-conviction relief on May 9, 2022.

On May 8, 2023, the day before entry of the order denying post-conviction relief, Petitioner filed a third pro se Rule 36.1 motion. On May 10, 2023, the trial court entered an order holding that the trial court lacked jurisdiction to address Petitioner's Rule 36.1 motion while Petitioner's post-conviction appeal was pending.

On October 31, 2023, following the voluntary dismissal of his post-conviction appeal, Petitioner filed a fourth Rule 36.1 motion, again alleging that the State breached the plea agreement by amending the judgments to reflect a sentence of eleven years at 100% service, not 85% as negotiated by the parties. He also alleged that trial counsel failed to apprise him of an offer of a ten-year sentence at 100% on counts three and four and that the indictment listed the incorrect dates for the commission of the offenses. Although the record does not include an order specifically addressing this Rule 36.1 motion, in an order

---

[2] Because Petitioner's post-conviction appeal was referenced by the trial court in the order, this court has taken judicial notice of the record from the prior post-conviction appeal (No. M2022-00731-CCA-R3-PC), as it is necessary for a complete review of the issues presented in the instant appeal. The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon." *Phillips v. State*, 647 S.W.3d 389, 394 n. 4 (Tenn. 2022) (quoting *Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987)).

addressing the fifth and final Rule 36.1 motion, the trial court noted that the claims were addressed in the May 9, 2022 post-conviction order and the June 27, 2022 order on the second Rule 36.1 motion.

On November 29, 2023, Petitioner filed his fifth Rule 36.1 motion which is the subject of this appeal. Petitioner alleged that his sentences are illegal because he was promised a sentence of eleven years at 30% on the four rape convictions, not 100% under the multiple rapist classification. He also alleged that the plea agreement did not include the lifetime community supervision requirement or the sex offender registration requirement and that the lifetime community supervision requirement was not "enforced" by the trial court at the plea colloquy. Petitioner made clear that he did not wish to withdraw his plea because the illegal elements of his sentence were "not a material part of the bargain"; he asked instead that the "illegal" requirements and sentencing classification be "removed" with the remainder of his sentence intact.

On February 7, 2024, the trial court entered an order denying Petitioner relief without a hearing. The trial court held that Petitioner's claims were addressed in the court's June 27, 2022 post-conviction order and the May 10, 2023 Rule 36.1 order. The court also held that the claims did not present cognizable errors to warrant relief under Rule 36.1.

Although there was no hearing on the Rule 36.1 motion and the order denying the Rule 36.1 motion was not entered until February 7, 2024, the record includes Petitioner's notice of appeal which was delivered for mailing on January 10, 2024, and filed in this court on January 18, 2024. While the record does not indicate how Petitioner became aware of the trial court's judgment before it was entered, this court will treat Petitioner's premature notice of appeal as timely filed pursuant to the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

**Analysis**

On appeal, Petitioner asserts that he did not "agree" to the lifetime community supervision and sex offender registration requirements or that counts four through six would be sentenced at 100% service based on the multiple rapist classification.[3] He no

---

[3] Petitioner has attached four exhibits to his brief. Because we have taken judicial notice of the post-conviction record, we will consider the three non-consecutive pages of the post-conviction hearing transcript. Under Rule 28(a) of the Tennessee Rules of Appellate Procedure, this court may also consider the motion to amend the indictment and the order denying the motion to amend because both are part of the certified record. However, we cannot consider the plea petition of another defendant, Reginald Bond, because it is not part of the certified record and is not relevant for this court "to determine the issues presented." *See* Tenn. R. App. P. 28(a).

longer challenges the constitutionality of his plea. He maintains that after he entered his plea, the judgments of conviction were "fraudulently altered" to include the lifetime community supervision and sex offender registration requirements and that the addition of both requirements breached the plea agreement. He also maintains that both provisions are punitive and violate the protection against double jeopardy. The State responds that Petitioner failed to raise a colorable claim and that he lacks standing to challenge the constitutionality of the lifetime community supervision and the sex offender registry statute because he is still incarcerated.

Tennessee Rule of Criminal Procedure 36.1 permits a petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

There are three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act provides a right of direct appeal), and fatal errors (those errors "so profound as to render the sentence illegal and void"). *Id.* at 595. Appealable sentencing errors generally consist of attacks on the method employed by the trial court to impose a sentence. *Id.* Fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.*

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). Under Rule 36.1, a petitioner does not need to support the motion with documents from the record of the underlying proceeding; however, factual allegations concerning the basis of the illegal sentence claim are required to state a colorable claim for relief. *Wooden*, 478 S.W.3d at 593. A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* Whether a "[Rule 36.1] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

- 5 -

The trial court properly denied Petitioner relief because his sentence did not contain a fatal error. First, Petitioner's sentence of lifetime community supervision was authorized under the applicable statute. Lifetime community supervision is a direct and punitive consequence of a guilty plea to specific crimes which must be communicated to a defendant before the plea is accepted. *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010). "In addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life who, on or after . . . July 1, 1996, commits [rape]." T.C.A. §§ 39-13-524(a)(1); 39-13-503.

Here, Petitioner's sentence of lifetime community supervision on his four rape convictions is specifically authorized by the applicable statutory scheme and is properly reflected in the judgments for the rape convictions. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005) (concluding that the trial court's failure to include lifetime community supervision in the original judgments of conviction was in direct contravention of the statute, rendering the resulting sentences illegal); *State v. Boykin*, No. M2020-00558-CCA-R3-CD, 2022 WL 1639275, at *5-6 (Tenn. May 24, 2022) (reversing judgment denying Rule 36.1 motion and remanding case for entry of corrected judgment omitting the lifetime community supervision requirement where the requirement was part of the plea agreement but the convicted offense was not subject to lifetime community supervision under the statute), *no perm. app. filed*. Petitioner's sentence of lifetime community supervision is not illegal, and he is not entitled to relief.

Moreover, Petitioner challenged the lack of notice of the lifetime community supervision requirement in his post-conviction petition. "Rule 36.1 may not be used to relitigate those issues that have been previously determined." *State v. Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016). His allegation to the contrary is flatly contradicted by the post-conviction record. The post-conviction court held that although there was no mention of the lifetime community supervision requirement by the trial court at the plea colloquy, the post-conviction court accredited trial counsel's testimony that the lifetime community supervision requirement was discussed as a certainty and not as a mere possibility with Petitioner who was aware of this provision of his sentence as early as September 2017, and well in advance of his March 2018 plea. *See State v. Nagele*, 353 S.W.3d 112, 120-21 (Tenn. 2011)

Second, Petitioner's claim regarding the sex offender registration requirement does not constitute a colorable claim under Rule 36.1. Unlike the lifetime community supervision requirement, the sex offender registration requirement is a collateral consequence of a guilty plea and does not impact the legality of the sentence because it does not alter the length, range, and manner of a sentence. *Ward*, 315 S.W.3d at 469-72. Petitioner states that the judgments were "altered" after his plea to also include the sex offender registration requirement. However, there is nothing on the face of the judgments

in the record requiring him to register as a sex offender. We note that had the judgments included the sex offender registration requirement, Petitioner would still not be entitled to relief because it is not a "sentence" like lifetime community supervision. *See* T.C.A. § 39-13-524(a). Furthermore, Petitioner pled guilty to rape and sexual battery by an authority figure. Both offenses are defined as "violent sexual offenses" under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004. T.C.A. § 40-39-202(31)(B), (J) (2018). Defendants convicted of either offense are required to register as sex offenders "[w]ithin forty-eight (48) hours of being released from probation or parole." *Id.* § 40-39-202(31)(B), (J) (2018); 40-39-203(a)(5). Thus, taking Petitioner's claim as true and viewing this claim in the light most favorable to him, we conclude that he has failed to assert a colorable claim for relief under Rule 36.1.

Next, an erroneous offender classification does not create an illegal sentence if the offender classification is permitted under the Sentencing Act. Petitioner's claim regarding his classification as a multiple rapist for his three rape convictions, even if true, does not constitute a colorable claim for relief because it is an appealable error. A multiple rapist is identified as "a person convicted two (2) or more times of violating [rape]." T.C.A. §§ 39-13-523(a)(4); 39-13-503. A "multiple rapist" is required "to serve the entire sentence imposed by the court undiminished by any sentence reduction credits the person may be eligible for or earn." *Id.* § 39-13-523(b). A multiple rapist classification is "automatic and is not left to the discretion of the trial court or the prosecutor" in negotiating a settlement of a case. *Thurmond v. Carlton*, 202 S.W.3d 131, 136 (Tenn. Crim. App. 2006).

Petitioner was convicted of two or more rapes. Therefore, he was correctly classified as a "multiple rapist" for purposes of sentencing and required "to serve the entire sentence imposed by the court undiminished by any sentence reduction credits the person may be eligible for or earn." T.C.A. § 39-13-523(b).[4]

Finally, Petitioner's claim that the lifetime community supervision and the sex offender registration requirements violate Double Jeopardy is not a colorable claim. A claimed violation of double jeopardy is an attack on the underlying conviction, not an attack on the sentence. *State v. Taylor*, No. M2017-00302-CCA-R3-CD, 2018 WL 703098, at *2 (Tenn. Crim. App. Feb. 5, 2018). Thus, this court has consistently held that a claim of a double jeopardy is not a colorable claim in a Rule 36.1 motion. *State v. Everett*, No. W2021-00677-CCA-R3-CD, 2022 WL 2196887, at *3 (Tenn. Crim. App. June 17, 2022), *perm. app. denied* (Tenn. Oct. 20, 2022); *State v. Cage*, No. M2020-00360-CCA-R3-CD, 2021 WL 3163086, at *1 (Tenn. Crim. App. July 27, 2021); *State v. Northington*, No. M2019-01179-CCA-R3-CD, 2020 WL 5758708, at *2 (Tenn. Crim. App. Sept. 28, 2020); *Taylor*, 2018 WL 703098, at *2; *State v. Sargent*, No. W2018-00517-CCA-R3-CD,

---

[4] Petitioner does not attack his rape sentence in count three which is required to be served at 100% pursuant to a different statute.

- 7 -

2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019); *State v. Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017); *State v. Lynn*, No. M2015-02413-CCA-R3-CD, 2017 WL 838481, at *2 (Tenn. Crim. App. Mar. 3, 2017); *State v. Giddens*, No. M2014-01505-CCA-R3-CD, 2015 WL 1472646, at *9 (Tenn. Crim. App. Feb. 20, 2015).

Because the grounds for relief raised by Petitioner have been previously determined and do not constitute cognizable grounds for relief under Rule 36.1, Petitioner is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JILL BARTEE AYERS, JUDGE