**359·15**

ORIGINAL

No.  PD-_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 08 2015

Abel Acosta, Clerk

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS AT AUSTIN

JOSE CARMEN GARCIA, JR.,
                          PETITIONER

v.

THE STATE OF TEXAS,
                          RESPONDENT

FILED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

from the 10th Court of Appeals, Cause No. 10-14-00028-CR;
            Aff'd March 5, 2015;
from the 19th District Court Mclennan Co., Texas, Cause
        No. 2012-2360-Cl, convicted January 16, 2014

Jose Carmen Garcia, Jr., Pro Se
Petitioner
TDCJ# 1910011 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8583
361.362.2300 (ph.)
361.362.3011 (fax)

TABLE OF CONTENTS

INDEX OF AUTHORITIES

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE CASE

STATEMENT OF PROCEDURAL HISTORY

GROUNDS FOR REVIEW

    Due Process -
        A. The indictment failed to notify with specific certainty
           the charges against defendant using erroneous definitions;

        B. In an abuse of discretion, the trial court effectively
           defined the "Beyond a Reasonable Doubt" standard during
           voir dire, a critical stage in the proceedings;

        C. In an attempt to bolster the State's case, the State often
           & repeatedly lead witness testimony on direct examination
           equivalent to prosecutorial misconduct, inflaming the minds
           of the jurors;

        D. The jury's determination of the facts was unreasonable denying
           Defendnat a fair & impartial trial environment.

ARGUMENT

PRAYER FOR RELIEF

APPENDIX

INDEX OF AUTHORITIES

UNITED STATES CONSTITUTION                          TEXAS CONSTITUTION

    5th Amendment        2              §19               2

    14th Amendment     2


United States Cases

    106 S.Ct. 3325 (1986)                5

    Brooks v. Kemp 762 F.3d 1383 (11th Cir. 1985)    5

    Irvin v. Dowd 81 S.Ct. 1639 (1961)        5

    Ross v. Oklahoma 108 S.Ct. 2273 (1988)     5

    Spivey v. Head 207 F.3d 1263 (11th Cir. 2000)    4


Texas Cases

    Fisher v State S.W.2d 298 (Tex. Crim. App. 1993)    6

    Narvais v. State 840 S.W.2d 415 (Tex. Crim. App. 1992)6

    Olivas v. State 202 S.W.3d 137 (Tex. Crim. App. 2006) 2

    Sanchez v. State 376 S.W.3d 767 (Tex. Crim. App.2012) 1

    Stuhler v. State 218 S.W.3d 706 (Tex. Crim. App.2007) 2

## STATEMENT OF THE CASE

A jury convicted Jose Carmen Garcia, Jr. of indecency with a child by contact. (CR 57), (4 RR 185-186). See Tex. Pen. Code Ann. § 21.11(a)(1) (West 2011). Garcia pleaded "true" to an enhancement allegation. (4 RR 187-88). The trial court, the Honorable Ralph T. Strother, presiding judge of the 19th District Court of Mclennan County, imposed a mandatoyy life sentence. (CR 50-60), (4 RR 190).

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not required nor requested as it would not aid in the Court's decision during this appeal.

## STATEMENT OF PROCEDURAL HISTORY

Garcia plead not guilty to the charges and proceeded to trial on the 16th day of January, 2014 in the 19th Judicial District Court of McLennan Co., Texas. A jury found Garcia guilty of the charge of indecency with a child by contact on that same day. Garcia was sentenced to life imprisonment in the Texas Dept. of Criminal Justice - Instutional Division.

Garcia timely appealed to the 10th Court of Appeals at Waco, Texas. A brief was timely filed by appointed counsel, E. Allan Bennett, SBOT# 02140700. The Court of Appeals affirmed the conviction and filed it's Memorandum Opinion on March 5, 2015. (Copy provided in the appendix).

Garcia timely filed for extension of time to file his petition for discretionary review. His petition is due before this Court on or before June 5, 2015. He files this petition.

## GROUNDS FOR REVIEW

As in his direct appeal, Garcia complains of a Due Process violation, however it is argued in a different light as guaranteed by the United States & Texas Constitutions. (U.S. Const. Amend. 5, 6, & 14; Tex. Const. §13).

   A. The indictment failed to notify with specific certainty the charges against defendant using erroneous definitions;

   B. In an abuse of discretion, the trial court effectively defined the "beyond a reasonable doubt" standard during voir dire, a critical stage in the proceedings;

iii.

C. In an attempt to bolster the State's case, the State often &
   repeatedly lead witness testimony on direct examination equi-
   valent to prosecutorial misconduct, inflaming the minds of
   the jurors;

D. The jury's determination of the facts was unreasonable denying
   Defendant a fair & impartial trial environment.


ARGUMENT AND AUTHORITIES

The petitioner, Jose Carmen Garcia, Jr. (Garcia), respectfully presents

to this Honorable Court his argument and cited authorities for the above Due

Process violations which affected the outcome of the trial. Garcia would show

the following:

I.

Petitioner's (Garcia) claim is one of Due Process, the fundamental bed-

rock of our juris prudence system. Here Garcia will show within the record

before the Court that he was denied Due Process when the following errors

were commited against his guaranteed constitutional protections.

Garcia further alleges these Due Process violations appearing in the

record, 1) were not harmless; 2) rendered the judgment against him void. A

void judgment may be attacked at any time. see

II.

Denial of Due Process-

A. The indictment failed to notify with specific certainty the
   charges agains him using erroneous definitions.

As argued on appeal, the indictment and jury charge erroneously defined

the term "child". See Garcias App. Brief, pp. 6, 18, 19). Garcia alleges if the

term was erroneous in the jury charge it was also erroneous in the charging

instrument, (i.e. the indictment or information) thusly depriving him of prop-

er notice. Since the charge nor indictment were challenged prior to nor during

the proceedings Garcia must show egregious harm. Sanchez 376 S.W.3d 767, 775

(Tex. Crim. App. 2012). The standard of review is for the reviewing Court to

1.

consider the entire jury charge, the state of the evidence, the final argum-
ents of the parties, and any other relevant information revealed by the rec-
ord of the trial as a whole. Olivas 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

Error is egregiously harmful if it affects the vary basis of the case,
deprives the defendnat of a valuable right, or vitally affects a defensive
theory. Stuhler 218 S.W.3d 706, 719 (Tex. Crim. App. 2007), Sanchez 209 S.W.3d
117, 121 (Tex. Crim. App. 2006).

Garcia claims that here the valuable right is one that the U.S. Constit-
ution and the Texas Constitution specifically protect, Due Process (5th & 14th
Amends.) and Due Course of Law (§19). In reviewing this issue the Court of
Appeals notes specifically in its opinion (No. 10-14-00028-CR, 10th COA Mem.
Op. @ p. 5), "The definitional section of the charge contained surplusage.[3]"
At footnote 3 it is added, " Interestingly, had the charge's definition of
"child" been used in the application section, the State's burden would have
been heightened."

It is easily debatable as to whether surplusage can be confusing to those
trained in the art of law, however, when posed to laymen, peers of the accused
it is an almost certainty to cause confusion and/or uncertainty in the minds
of jurors. It is arguable as to whether this surplusage is a strategic add-on
in an attempt to eviscerate any rational thought process a juror may retain
prior to deliberations. This would without a doubt compound any confusing,
many times conflicting instructions & definitions submitted to the jury for
their considerations.

As a matter of law, which was not explained to the jury, the literal con-
struction of the charge has implications as noted by the reviewing Court. Bar
the jury containing a criminal attorney in its midst, there is no conceivable
way they would be able to discern these ramifications. The State's burden is

2.

paramount to the proceedings and directly correlated to Garcia's liberty in-

terest, freedom. For instance, assuming arguendo, had the charge been worded

as noted in footnote[3] @ p. 5 of the Court's Mem. Op., would in this case had

the State met its burden? This argument falls within the guidelines of the

"hypothetically correct jury charge" theory/review standard. It can be reas-

onably argued that Garcia was denied his Due Process protections because even

as a passing note, the Court of Appeals recognized an issue that not only would

have, but did have an affect on the outcome of the proceedings.

> B. In an abuse of discretion, the trial court, effectively
> defined the "Beyond A Reasonable Doubt" standard during
> voir dire, a critical stage in the proceedings.

The Due Process violation here alleged by Garcia is one of a fair and

impartial jury and/or a fair and unbiased trial environment. The trial Court,

Judge Ralph T. Strother, addressed the venire panel in an attempt to inform

them of the legal concept of proof "beyond a reasonable doubt" standard. In

(2 RR 23-25) of the record, the trial Court effectively defines the legal sta-

ndard by providing, albeit vague, top-end and low-end "definitions". Basically

talking out both sides of his mouth, Judge Strother, makes statements such as:

> (2 RR 24) " And there's not a percentage that we assign to that. It's
> not based upon how many witnessesare called or how much
> evidence is presented in the courtroom."
>
> " On the other hand, you could hear from 50 witnesses, you
> might not be convinced beyond a reasonable doubt."

Garcia alleges that while the judge's comments may have been well intended

or seemingly harmless, the trialcourt abused its discretion by taking its comm-

ents regarding the "beyond a reasonable doubt" standard to the "next" level

and effectively defining it. Allowing the jury to self define the standard has

been the precedence as decided by the United States Supreme Court. Here, the

trial court's comments on the legal standard gave the "mental picture" of

3.

boundaries, marking one side that is and one side that isn't. The percentage referance made several times also adds to the argument as many individuals might "visualize" a perceptable level or amount, thusly defining the standard.

Garcia alleges these statements were extra judicial and not within the letter or intent of precedence set forth by the U.S. Supreme Court, and thusly created an unfair or biased trial environment denying him his constitutional guaranteed protections therefrom.

> C. In an attempt to bolster the State's case, the State often and repeatedly lead witnesses testimony on direct examination equivalent to prosecutorial misconduct, inflaming the minds of the jurors.

The record reflects on multiple occasions the State was effectively interjecting its own testimony into the proceedings. (3 RR 32; 4 RR 43; 4 RR 85, 87, 91; 4 RR 119) are only a few of the incidences alleged by Garcia that the State was strategically infusing its version of events, tainting the first person testimony of the witness. Garcia argues that this "strategy" is not only unfair but undermines not only the State's duty to seek justice but the fairness doctrine paramount to the judicial process.

Garcia claims that like in Spivey v. Head 207 F.3d 1263 (11th Cir. 2000), improper prosecutor arguments, (i.e. leading) must be considered carefully because while wrapped in the cloak of State authority they have a weighted impact on the jury. Garcia alleges these errors have a substantial and injurious effect or influences in determining the jury's verdict. Although the trial Court sustained the objections, and at one point admonished the prosecutor, lightly, the conduct continued. This undoubtedly had an effect on the jury. Not once did the Court instruct the jury how to perceive or digest this legal situation. Nor were they instructed to disregard either the manner and/or content of what the State was leading and rely only on the evidence originating from the witness.

4.

The right to a jury trial guarantees the criminally accused a _fair_ trial by a panal of impartial indifferent jurors. See _Irvin v. Dowd_ 81 S.Ct. 1639 (1961); _Ross v. Oklahoma_ 108 S.Ct. 2273 (1988) ("it is well settled that the 6th & 14th Amendments guarantee a defendnat on trial for his life the right to an impartialjury.") Here, Garcia received a life sentence. It is requested the Court examine the entire content of the judicial proceeding to determine if it was fundamentally unfair. See _Brooks v. Kemp_ 762 F.3d 1383 (11th Cir. 1985), (en banc) vacated; 106 S.Ct. 3325 (1986).

Prosecutorial misconduct as defined by Black's Law Dictionary (10th Ed.) states: A prosecutor's improper or illegal act (or failure to act), esp. involving an attempt ....to wrongfully convict a defendnat or assess unjustified punishment. If prosecutorial misconduct results in a mistrial, a later prosecution may be barred under double jeopardy clause.

D. The jury's determination of the facts was unreasonable denying Garcia a fair & impartial trial environment.

Garcia alleges the foregoing reasons and arguments create this situation. A measurable quantity of facts that were considered were improperly created or induced by the State. Because there were no admonishments by the trial Court to the jury not to consider them, one must begin with the presumption that they did consider them in their deliberations. This is not only improper but unfair ineffectuating Garcia's constitutionally guaranteed protections against unfairness or a biased jury. It is conceivable that not only what the State improperly entered created an impression on the jury but that it reasonably could have inflamed their minds purely due to the context. Even during voir dire the prosecutor's statements tracked so closely with the case at bar it is undeniable that the State was "setting up" the panal for the exact same facts they would eventually hear as evidence. There were few hypothetical references that drew

5.

the panal to a neutral reference where they could grasp the concept the State was attempting to portray. The prosecutor also had the panal reflect, even publicly, on events that personally affected them. Assuming arguendo that it was strategic to weed out biased jurors, it can also be said to have influenced the minds of those who were selected.

Garcia would also point to the facts testified to by the SANE nurse, Michelle Davis, under both direct and cross-examination that J.O.'s presentation could have been from several various circumstances not associated to "sexual contact" but to a known and documented kidney problem had by J.O.. Undisputed scientific facts cannot be ignored by the jury. As stated in Fisher v. State 851 S.W.2d 298 (Tex. Crim. App. 1993) "if, based on all of the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendants guilt, due process requires that we reverse and order a judgment of acquittal." (citing Narvais v. State 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)). Here, Garcia shows at (4 RR 33, 34) SANE nurse Davis testifies 1) knowing about J.O.'s condition; 2) aware of the treatment for the condition; and 3) the prior/ current condition in fact to be the cause for the symptoms presented. These three last points are undisputed scientific facts and give rise to reasonable doubt beyond a preponderance of the evidence, well sufficient justifying a finding of not guilty.

The jury's determination was unreasonable and not in conformity with the law. For these and the preceeding reasons Garcia's conviction and sentence should be reversed, and judgment of acquittal should be entered.

CONCLUSION AND PRAYER

Garcia has shown, in the record, numerous and aggratory instances that both violate his conviction on the basis of due process and void the judgment and sentence. Garcia has supported his arguments with current case precedence that supports the finding requested, therefore...

Premises having been duly considered, Petitioner, Jose Carmen Garcia, Jr.,

6.

humbly and respectfully prays that this Honorable Court would grant the here and above sought requested relief, reversing the judgment and sentence, and entering a judgment of acquittal. At the least alternative Garcia prays for a new trial by an unbiased panal of his peers. Lastly Garcia requests he be granted any general relief to which he is entitled under either Federal or Texas law.

Respectfully Submitted,

*Jose C. Garcia, Jr.*

Jose Carmen Garcia, Jr., Pro Se
TDCJ# 1910011 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8583
361.362.2300 (ph.)
361.362.3011 (fax)

7.

## DECLARATION

I, <u>Jose Carmen Garcia, Jr.</u>, does now attest that the foregoing documents and information are true and correct and are thusly sworn to under penalty of perjury to their validity. (T.C.P. & R. §132.001-132.003 and 28 U.S.C. §1746).

<u>*Jose C. Garcia, Jr.*</u>
Jose C. Garcia, Jr.                     , Pro Se

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing and included documents have been properly served upon the parties listed below at their respective addresses, as well as delivered to this court. The documents were placed in the ___McConnell___ Unit mailbox with first class, pre-paid postage affixed, addressed to the Court of <u>Criminal Appeals, Texas</u>, c/o Clerk of the Court, <u>Abel Acosta</u> at <u>P.O. Box 12308</u> <u>Austin, Texas 78711-2308</u>.

Executed on this the ___3rd___ day of ___June___, 20 _15_. (T.R.A.P. Rule 9.5, F.R.A.P. Rule 25(d)).

<u>*Jose C. Garcia, Jr.*</u>
Jose C. Garcia, Jr.            , Pro Se

also served:

    State Prosecuting Attorney
    209 N. 14th St., P.O. Box 12405
    Austin, Texas 78711-2405

Deemed filed: <u>Warner v. Glass</u> 135 S.W.3d 681, 682 (Tex. 2004)

8.

APPENDIX


Tenth Court of Appeals Mem. Op.
filed March 5, 2015

IN THE
TENTH COURT OF APPEALS

No. 10-14-00028-CR

Jose Carmen Garcia, Jr.,
                                        Appellant
v.

The State Of Texas,
                                        Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-2360-C1

MEMORANDUM OPINION

In one issue, appellant, Jose Carmen Garcia, Jr., appeals his conviction for indecency with a child by contact, a first-degree felony. See Tex. Penal Code Ann. §21.11(a)(1) (West 2011). Because we cannot say that appellant was egregiously harmed by the charge submitted to the jury, we affirm.

I. Background [1]

In the instant case, the indictment provides the following, in relevant part:

[On] or about the 20th day of November, A.D. 2010 in McLennan County, Texas, did then and there, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact with [J.O.] by touching the genitals of [J.O.], a child who was at the time younger than seventeen (17) years of age and not the spouse of Defendant, by means of Defendant's hand....

[1] As this is a Memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. see Tex. R. App. P. 47.1, 47.4.

Garcia v. State

Appellant did not object to the language in the indictment, and this case proceeded to trial.

At the conclusion of the evidence, the jury was instructed regarding the law governing the case. Among the many items included in the jury charge was the following definition of the term "child": "Child,' means a person younger than seventeen (17) years of age who is not the spouse of the actor." However, in the application portion, the charge stated the following elements of the charged offense:

### ELEMENTS

1. On or about the 20th day of November, 2010;

2. in McLennan County, Texas;

3. the defendant, JOSE CARMEN GARCIA, JR.;

4. did then and there, with the intent to arouse or gratify the sexual desire of any person;

5. engage in sexual contact with [J.O.] by touching the genitals of [J.O.], a child who was then and there younger than seventeen (17) years of age;

6. by means of the Defendant's hand.

Appellant did not object to the charge, and the jury subsequently found appellant guilty of the charged offense. After appellant pleaded guilty to an enhancement paragraph contained in the indictment, the trial court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[2] Appellant filed a motion for new trial, which was later denied by the trial court. This appela followed.

### II. THE CHARGE

In his sole issue on appeal, appellant complains that the trial court's charge erroneously defined the term "child." More specifically, appellant argues that the charge's definition of "child" was confusing because it required the State to prove an element no longer required for indecency with a child by contact - that the child victim is not appellant's spouse.

A.   Applicable Law

In reviewing a jury-charge issue, an appellant court's first duty is to

---

2 In the indictment, the State used appellant's prior felony convictions for indecency with a child and failure to comply with sex offender registration for inchancement purposes.

Garcia v. State

determine whether error exists in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellant court must analyze the error for harm. Middleton v. State, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objuction, reversal will be necessary if the error is not harmless. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. Id. To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. Sanchez v. State, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012; Airline v. State, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Under Texas law, the trial court must provide the jury with "a written charge setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in [its] charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); See Walters v. State, 247 S.W.3d 204, 208 (Tex. Crim. App. 2008). "This law requires the trial judge to instruct the jury on statutory defenses, affirmative defenses, and justification whenever they are raised by the evidence." Walters, 247 S.W.3d at 208-09 (citing Tex. Penal Code Ann. §§ 2.03-.04 (West 2011); Arnold v. State, 742 S.W.2d 10, 13 (Tex. Crim. App. 1987)). "Some information, such as elements of the charged offense, must appear in the jury charge and is without question the law applicable to the case." Sakil v. State, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009)(internal citations & quotations omitted).

B.   DISCUSSION

It is undisputed that appellant did not object to the jury charge; accordingly, on appeal, appellant must establish that he was egregiously harmed. See Sanchez, 376 S.W.3d at 775; Almanza, 686 S.W.2d at 171; Airlaine, 721 S.W.2d at 352. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole.

Garcia v. State

Olivas v. State 202 S.W.3d 136, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. Stuhler v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

In the abstract portion, the charge defines a "child" as "a person younger than seventeen (17) years of age who is not the spouse of the actor." However, a review of the operative criminal statute – section 21.11 of the Penal Code – shows that, in trying appellant for indecency with a child by contact, the State was not required to prove whether J.O. is appellant's spouse. See Tex. Penal Code Ann § 21.11(a). Instead, section 21.11(b-1) provdes that it "is an affirmative defense to prosecution under this section that the actor was the spouse of the child at the time of the offense." Id. § 21.11 (b-1). Therefore, it appears that the definitional section of the charge contained surplusage.[3] In any event, the application paragraph in the charge did not reference the spousal affirmative defense and, instead, substantially tracked the language of section21.11(a). See id. §21.11(a); see also Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious."); Planta v. State, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), overruled on other grounds by Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997) (holding that the inclusion of merel superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs).

Furthermore, appellant admits that the State presented evidence to support a finding on each element of its case and that the parties did not argue J.O.'s marital status during closing argument.[4] Appellant acknowledges, "the

[3] Interestingly, had the charge's definition of "child" been used in the application section, the State's burden in this case would have been heightened. See Tex. Penal Cods Ann. § 21.11(a) (West 2011).

[4] In fact, the record includes the testimony of the child victim who recounted the alleged instance of indecency with a child by contact. See Tex. Code Crim. Proc. Ann. art. 38.07 (West 2014) (stating that a child victim's testimony alone is sufficient to support a conviction for indecency with a child); see also Cantu v. State, 366 S.W.3d 771, 775 (Tex. App.-Amarillo 2012, no pet. ref'd). And though not relevant to the State's case-in-chief, the record contains uncontroverted testimony that J.O. is not the appellant's spouse.

Garcia v. State

argument of the parties focused in whether the allegation occurred at all."

Therfore, based on the foregoing, we conclude any error in the abstract portion of the charge was not calculated to injure appellant's rights or deprive him of a fair and impartial trial. See Almanza, 686 S.W.2d at 171; see also Stuhler, 218 S.W.3d at 719; Sanchez, 209 S.W.3d at 121. Accordingly, we cannot say that appellant was egregiously harmed by the purported error in the charge. See Almanza, 686 S.W.2d at 171; see also Stuhler, 218 S.W.3d at 719; Sanchez, 209 S.W.3d at 121. We overrule appellant's sole issue.

## III. CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
Do not publish
[CRPM]

(state seal COA)

Garcia v. State

JOSE L. GARCIA, JR. #1849001
3001 S. EMILY DR.
MCCONNELL
BEEVILLE, TEXAS 78102-8583

TEXAS
201 W. APPEALS
SUPRE 2308
AUSTIN STATION
ATTN: 308
ACOSTA

SAN ANTONIO TX 780
14 JUN 05 JUN 2015 PM

FOREVER USA
FOREVER USA
FOREVER USA